**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**DOCKET NO. 5:25-CR-274-1M**

| | | |
|---|---|---|
| **United States of America** | ) | **ORDER MODIFYING AND** |
| | ) | **CONTINUING SUPERVISION** |
| vs. | ) | |
| | ) | |
| **Che Quan Charon David Page** | ) | |
| | ) | |

On September 8, 2021, Che Quan Charon David Page appeared before the Honorable Sherri A. Lydon, U.S. District Judge in the District of South Carolina, and upon an earlier plea of guilty to Count 3- Carrying and Using and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii), was sentenced to the custody of the Bureau of Prisons for a term of 84 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. The defendant was released from custody on August 1, 2025, at which time the term of supervised release commenced in the Eastern District of North Carolina. On October 22, 2025, jurisdiction was transferred from the District of South Carolina to the Eastern District of North Carolina and assigned to the Honorable Richard E. Myers II, Chief U.S. District Judge.

From evidence presented at the revocation hearing on March 27, 2026, the court finds as a fact that Che Quan Charon David Page, who is appearing before the court with counsel, has violated the terms and conditions of the judgment as follows:

1. Using a controlled substance.
2. Failure to participate as directed in a urinalysis program.
3. Failure to participate as directed by the probation officer in a treatment program for narcotic addiction, drug dependency, or alcohol dependency.
4. Failure to pay a monetary obligation.

It now appears that the ends of justice would best be served by holding in abeyance the motion for revocation before the Court this date and continuing supervision with the following modifications:

1. The defendant shall abide by all conditions and terms of the home detention program for a period of 6 months. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment; education; religious activities; treatment; attorney visits; court appearances; court obligations; or other activities as approved in advance by the supervising officer. The defendant shall submit to location monitoring technology as directed by the supervising officer and abide by all program requirements, instructions, and procedures provided by the supervising officer. The defendant shall pay all or part of the cost of location monitoring services, based upon defendant's ability to pay, as determined by the supervising officer.

**IT IS FURTHER ORDERED AND ADJUDGED** that the term of supervision heretofore granted be continued under the conditions set forth in the judgment entered September 8, 2021.

This the 9th day of April, 2026.

_Richard E Myers II_
Richard E. Myers II
Chief U.S. District Judge